ON MOTION TO DISMISS
REGAN, Judge.
Plaintiff has filed a motion to dismiss this appeal on the theory that defendant posted an invalid suspensive appeal bond. The defects complained of are these:
1) The surety, The Aetna Casualty and Surety Company, designated four agents in a “Power of Attorney and Certificate of Authority” to sign bonds and only one of those named affixed his signature to the bond filed herein.
*777 2)A machine copy or facsimile copy of the power of attorney is annexed to the bond, rather than an original. In this vein plaintiff further complains the notarial attestation that the Secretary of the surety company had authority to execute this document on Aetna’s behalf is also a facsimile signature.
3) The secretary who signed the power of attorney and certificate of authority also signed the certificate stating he had the authority to execute this document for Aetna.
4) A certificate reflecting the notary has authority to administer oaths in Connecticut, the state where the document was executed, was not attached.
Plaintiff’s first complaint is groundless. Four names appear as agents authorized to sign bonds for the surety and it is manifest from the document itself that any one of the four have authority to act for Aetna. The pertinent provision reads in part: “The Aetna Casualty and Surety Company * * * does make constitute and appoint Henry B. Foster, R. E. Burt, Albert H. Turner, Jr. or A. T. Faust, Jr. of New Orleans, Louisiana, its true and lawful attorney in fact, * * * ” Use of the disjunctive “or” and the singular “attorney in fact” clearly states an intent to authorize any one of the four to sign bonds.
The complaint of the filing of a facsimile copy, rather than an original, is without merit. Under R.S. 22:630, a facsimile signature on any contract of insurance is acceptable in lieu of the original.
Likewise, we find no merit in the third and fourth complaint of deficiency. Without citing authority counsel states the Secretary’s certification of his own authority to execute the document and the Notary’s failure to submit proof that she holds a current notarial commission should nullify the bond. We are unaware of any law requiring a power of attorney attached to an appeal bond to meet these requisites, Accordingly, the motion is denied,
Motion denied,